# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,                    )
                                      )
                                      )
                                      )
   v.                                 )        Case ID No.:  0304014538
                                      )
                                      )
TERVAUGHN C. STURGIS,                 )
                                      )
       Defendant.                     )

## ORDER

Submitted: August 29, 2018
Decided: November 19, 2018

*Upon Consideration of the Commissioner's Report and Recommendation on Defendant's Motion for Postconvinction Relief,*
**ADOPTED.**

*Upon Consideration of Defendant's Appeal from the Commissioner's Report and Recommendation on Tervaughn C. Sturgis's Motion for Postconviction Relief,*
**DENIED.**

Tervaughn C. Sturgis. *Pro se.*

Sonia Augusthy, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorney for the State.*

**MEDINILLA, J.**

**AND NOW TO WIT**, this 19th day of November, 2018, upon consideration of Defendant Tervaughn C. Sturgis ("Defendant")'s July 15, 2018 Motion for Postconviction Relief ("Motion"), the Commissioner's August 20, 2018 Report and Recommendation that Defendant's Motion for Postconviction Relief Should Be Summarily Dismissed, Defendant's August 28, 2018 Motion for Objection to Commissioner's Recommendation ("Objection"), the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. Over fifteen years ago, Defendant pled guilty to Robbery in the First Degree on November 4, 2003. He agreed to immediate sentencing and was sentenced to 20 years at Supervision Level V, followed by one year at Supervision Level IV suspended after serving 6 months, for 6 months Supervision Level III.[1]

2. On July 20, 2018, Defendant untimely filed this Motion for Postconviction Relief,[2] and argues both ineffective assistance of counsel and illegal sentence as his bases for relief.[3] Specifically, he argues that: (1) his counsel "was ineffective when "he failed to challenge the indictment under the circumstances which rendered his assistance as an underminding [sic] performance both at pretrial, trial, and appellate stages in violation of Defendant's due process rights to the U.S.

---

[1] Sentencing Order, *State v. Tervaughn C. Sturgis*, ID No. 0304014538 (Del. Super. Nov. 18, 2003).

[2] D.I. #40 (July 20, 2018) [hereinafter Def. Rule 61 Mot.].

[3] *See generally id.*

Const. Amend. 6 and 14 Rights;" (2) his counsel was "ineffective not to challenge [the] fundamental fact" that "property was simple 'U.S. currency' and not 'property' as the indictment indicates;" (3) his counsel "could or should have moved to suppress the indictment to challenge the information 'necessary to finding of probable cause;'" and (4) the "Trial Court's sentencing Defendant to the robbery [First] count is a sentence that the judgment of conviction did not authorize."[4]

3.    The Court referred Defendant's Motion to a Superior Court Commissioner for proposed findings of fact and conclusions of law.[5] On August 20, 2018, the Commissioner issued a report recommending that Defendant's Motion for Postconviction Relief should be summarily dismissed.[6] The Commissioner outlined the various procedural bars to Defendant's Motion, and further determined his arguments did not meet any exceptions to these procedural bars.[7] The Commissioner found that Defendant's Motion—filed more than fourteen years after the judgment of conviction became final—was procedurally barred under Rule 61(i)(1) as untimely, waived under Rule 61(i)(3), and improperly raised under Rule 61(i)(4)

---

[4] Def. Rule 61 Mot., at 8-12.

[5] *See* 10 *Del. C.* § 512(b)(1)(b) (2013 & Supp. 2016); DEL. SUPER. CT. CRIM. R. 62(a)(5).

[6] *See* D.I. #47 (Del. Super. Aug. 20, 2018) [hereinafter Comm'r Report].

[7] *Id.* ¶ 11.

where Defendant had thrice previously and unsuccessfully challenged the legality of his sentence.[8]

4. Further, the Commissioner addressed Defendant's argument that his claims were not barred under Rule 61(i)(5). The Commissioner found that Defendant was citing an incorrect version of Rule 61(i)(5).[9] The Commissioner then analyzed Defendant's claims under the correct version of Rule 61(i)(5) and found that Defendant did not "establish an exception to the procedural bars[]" under Rule 61(i)(5) and Rule 61(d)(i) and (ii) because he was not convicted at a trial, he "has not set forth any new evidence or facts demonstrating that he is innocent of the acts giving rise to the conviction, nor has he asserted that a new rule of constitutional law affects his conviction."[10] The Commissioner also found that Defendant did not establish "cause" or "prejudice" under Rule 61(i)(3) to overcome its procedural bar

---

[8] Comm'r Report ¶¶ 6-8. First, the Commissioner found that Defendant's Motion was untimely and thus is barred under Rule 61(i)(1) because it was filed more than fourteen years after the judgment of conviction became final. Additionally, the Commissioner found that Defendant's ineffective assistance of counsel claims were subject to the procedural timeliness bar under Rule 61(i)(1). The Commissioner found that Defendant had previously adjudicated the legality of his sentence in at least three motions to modify his sentence; all denied. Further, Defendant's challenge regarding discrepancies between the language of the Indictment and the Affidavit of Probable Cause was not previously raised before the Court. Therefore, the Commissioner found that the legality of his sentence should not be reconsidered as previously adjudicated under Rule 61(i)(4), and any argument regarding the language of the Indictment was deemed waived under Rule 61(i)(3).

[9] *Id.* ¶ 9.

[10] *Id.* ¶ 10.

4

because he entered into a valid guilty plea and his statements were presumed truthful during his guilty plea colloquy to the Court.[11]

5.      Defendant filed this Motion captioned "Objection" on August 25, 2018, which this Court accepts as an "Appeal from Commissioner's Findings of Fact and Recommendation."[12] Defendant re-argues that his claim is not procedurally barred, again citing to an older version of Rule 61.[13] Defendant also objects to the Commissioner's August 17, 2018 denial of his Motion for Appointment of Counsel.[14] In his Objection, Defendant requests that the rest of his Level V sentence be "dismissed", or in the alternative, that this court consider this "petition" under Superior Court Criminal Rule 35(a) as a motion to reduce or modify his sentence as an illegal sentence.[15]

6.      Under Delaware Superior Court Rule 62(a)(5), the Court may refer to a Superior Court Commissioner case-dispositive motions, including postconviction

---

[11] Comm'r Report ¶ 11 (citing *Modjica v. State*, 2009 WL 2426675 (Del. 2009) (citing *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003)); *Windsor v. State*, 2015 WL 5679751 (Del. Sept. 25, 2015) (holding that absent clear and convincing evidence to the contrary, defendant is bound by his sworn statements). *See also, State v. Brown*, 2010 WL 8250799, at *3 (Del. Super., Apr. 14, 2010) (citing *Somerville v. State*, 703 A.2d 629 (Del. 1997))).

[12] DEL SUPER. CT. CRIM. R. 62(a)(5)(ii).

[13] D.I. #48 (Del. Super. Nov. 28, 2018) [hereinafter Def. Objection].

[14] *Id.* at 4. Defendant filed a Motion for Appointment of Counsel on July 15, 2018. On August 16, 2018, the Commissioner denied Defendant's Motion for Appointment of Counsel.

[15] *Id.* at 5-6.

relief motions, and the Commissioner must submit "proposed findings of fact and recommendations for the disposition, by a judge, of any such matter."[16] A "party may serve and file written objections to the Commissioner's order which set forth with particularity the basis for the objections[]" within ten days after the Commissioner issues her report.[17] The Court conducts a *de novo* review "of those portions of the report or specified proposed findings or recommendations to which an objection is made."[18] A judge "may accept, reject or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner."[19] Defendant filed a timely objection to the Commissioner's Report on August 28, 2018, and the Court will conduct a *de novo* review.[20]

7.      The Court first addresses whether there are any procedural bars to the Motion before considering the merits of the claim.[21] By addressing the merits of a

---

[16] DEL. SUPER. CT. CRIM. R. 62(a)(5).

[17] DEL. SUPER. CT. CRIM. R. 62(a)(5)(ii).

[18] DEL. SUPER. CT. CRIM. R. 62(a)(5)(iv).

[19] *Id.*

[20] *See generally*, Def. Objection. Although Defendant's objection was not entitled "Appeal from Commissioner's Findings of Fact and Recommendations" as required under Rule 62(a)(5)(ii), Defendant asserts he is submitting his "objections" pursuant to Rule 62(a)(5)(ii).

[21] *See, e.g.*, *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002); *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed*, 489 U.S. 255 (1989)).

case that does not meet procedural requirements, it effectively renders the Court's procedural rules meaningless.[22] A claim may be summarily dismissed if it plainly appears from the motion and the record that the movant is not entitled to relief.[23]

8.      Under Rule 61(i)(1), a postconvinction relief motion "may not be filed more than one year after the judgment of conviction is final...."[24] Defendant was sentenced on November 4, 2003 and the sentence became final thirty days after the sentence was imposed.[25] Defendant filed this Motion on July 20, 2018, more than fourteen years after the sentence became final. Defendant is incorrect that his ineffective assistance of counsel claims are not time barred.[26] With this time gap, clearly his claims are subject to the procedural bar of Rule 61(i)(1) and therefore Defendant's Motion for Postconvinction Relief, including for ineffective assistance of counsel, is untimely.[27]

---

[22] *See State v. Chao*, 2006 WL 2788180, at *5 (Del. Super. Sept. 25, 2006) ("To protect the integrity of the procedural rules, the Court should not consider the merits of a postconviction claim where a procedural bar exists."); *State v. Jones*, 2002 WL 31028584, at *2 (Del. Super. Sept. 10, 2002) (citing *State v. Gattis*, 1995 WL 790961, at *3 (Del. Super. Dec. 28, 1995)) (same).

[23] DEL. SUPER. CT. CRIM. R. 61(d)(5).

[24] DEL. SUPER. CT. CRIM. R. 61(i)(1).

[25] DEL. SUPER. CT. CRIM. R. 61(m)(1).

[26] Def. Rule 61 Mot., at 2-3.

[27] *Younger*, 580 A.2d at 555 (finding ineffective assistance of counsel claim untimely and procedurally barred under Rule 61(i)(1)).

7

9. Defendant next argues that his claims are not barred under Rule 61(i)(3) because "[a] meritorious claim of ineffectiveness constitutes 'cause' if petitioner establishes the deficient performance and prejudice prongs of *Strickland*...."[28] Under Rule 61(i)(3), a ground for relief that was not previously asserted in an earlier proceeding is barred "unless the movant shows cause for relief from the procedural default and prejudice from violation of the movant's rights."[29] Defendant did not specifically object to the Commissioner's finding that his claim was barred under Rule 61(i)(3), but again raises the ineffective assistance of counsel argument focusing for the first time on alleged discrepancies between language in the Indictment and the Affidavit of Probable Cause.[30] A defendant's "voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea."[31] Therefore, Defendant's guilty plea, which is not challenged, waived the right to challenge any alleged errors prior to the guilty plea entry, including the wording of the Indictment. Thus, Defendant is also barred under Rule 61(i)(3).

---

[28] Def. Rule 61 Mot., at 5.

[29] DEL. SUPER. CT. CRIM. R. 61(i)(3).

[30] Def. Rule 61 Mot., at 2-5.

[31] *Johnson v. State*, 962 A.2d 917, 2008 WL 4830853, at *1 (Del. Nov. 7, 2008) (TABLE) (citing *Miller*, 840 A.2d at 1232).

10. Under Rule 61(i)(4), a ground for relief is also barred if it was formerly adjudicated, which includes in the proceedings leading to the judgment of conviction, in an appeal, in a postconvinction proceeding, or in a federal habeas.[32] Defendant does not address the Commissioner's finding that his claim is barred under Rule 61(i)(4).[33] Thus, the Court accepts the Commissioner's finding that his claim is also barred under Rule 61(i)(4).

11. Finally, Defendant asserts in his Motion that his claims are not barred under Rule 61(i)(5).[34] The Commissioner properly found that Defendant was referencing an older version of Rule 61(i)(5).[35] Under the applicable Rule 61(i)(5) in effect at the time of the filing, Defendant's Motion did not satisfy any exception. Therefore, Defendant's objection regarding the applicability of Rule 61(i)(5) is without merit.[36]

12. The version of Rule 61(i)(5) in effect at the time of Defendant's filing states that "bars to relief in paragraphs (1), (2), (3), an (4) of this subdivision shall

---

[32] DEL. SUPER. CT. CRIM. R. 61(i)(4).

[33] Def. Rule 61 Mot., at 11.

[34] Def. Rule 61 Mot., at 3-4.

[35] Comm'r Report ¶ 9. Defendant cites to the "colorable claim" or "miscarriage of justice" language found in the previous version of Rule 61. The current and applicable version of Rule 61 became effective on April 6, 2017. Defendant filed his Motion for Postconviction Relief on July 20, 2018.

[36] Def. Objection, at 2-4.

9

not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of paragraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[37] Defendant does not argue that the Court lacked jurisdiction,[38] that "new evidence exists that creates a strong inference" of actual innocence,[39] or that "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to [his] case and renders [his] conviction...invalid."[40] Defendant instead re-alleges constitutional violations of ineffective assistance of counsel and that his sentence was illegal. As such, this untimely Rule 61 motion is procedurally barred by Rules 61(i)(1), (i)(3), and (i)(4), and does not meet an exception under Rule 61(i)(5).

13. Defendant also objects to the Commissioner's denial of the appointment of counsel.[41] Defendant filed a Motion for Appointment of Counsel on

---

[37] DEL. SUPER. CT. CRIM. R. 61(i)(5) (2018). The pleading requirements under Rule 61(d)(2)(i) and (2)(ii) include pleading with particularity that new evidence exists that creates a strong inference that Defendant is actually innocent or pleading with particularity that a new rule of constitutional law applies retroactively to Defendant's case.

[38] DEL. SUPER. CT. CRIM. R. 61(i)(5).

[39] DEL. SUPER. CT. CRIM. R. 61(d)(2)(i).

[40] DEL. SUPER. CT. CRIM. R. 61(d)(2)(ii).

[41] Def. Objection, at 4.

10

July 20, 2018.[42] The Motion was denied on August 17, 2018,[43] and Defendant filed his Objection on August 28, 2018.[44] Under Rule 62(a)(4)(ii), a party may file a written objection to a Commissioner's order within 10 days after the filing of the order, and the written objections "shall be entitled 'Motion for Reconsideration of Commissioner's Order.'"[45] Even construing Defendant's Objection as a Motion for Reconsideration of Commissioner's Order, the Motion for Appointment of Counsel was properly denied by the Commissioner. Defendant's Motion for Postconviction Relief was untimely, Defendant did not seek appellate review, and Defendant has not provided the Court with "specific exceptional circumstances" that warrant the appointment of counsel.[46] Therefore, his appeal of the denial of the appointment of counsel is denied.

14.    Lastly, Defendant requests in his Objection that this petition be construed as a Rule 35(a) motion, as an "illegal sentence…broad enough to cover this petition."[47] Defendant has previously asked this Court for relief under Rule 35

---

[42] D.I. #41 (Del. Super. July 20, 2018) [hereinafter Def. Mot. Appointment of Counsel].

[43] D.I. #46 (Del. Super. Aug. 17, 2018) [hereinafter Comm'r Order Denying Mot. for Appointment of Counsel].

[44] *See generally*, Def. Objection.

[45] DEL. SUPER. CT. CRIM. R. 62(a)(4)(ii).

[46] DEL. SUPER. CT. CRIM. R. 61(e)(3).

[47] Def. Objection, at 5-6.

on three separate occasions.[48] Under Rule 35(a), the Court "may correct an illegal sentence at any time."[49] Rule 35(a) applies in limited situations where the sentence imposed: exceeds its statutorily-authorized limits, violates double jeopardy, "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[50]

15. Under Rule 35(a), the "narrow function" is to correct illegal sentences, "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence."[51] Defendant did not assert in his Motion or Objection that his sentence exceeds the statutory maximum, is ambiguous or contradictory, or violates double jeopardy and he does not establish a claim for relief under Rule 35(a).

16. The Court has reviewed Defendant's Motion, the Commissioner's Report, Defendant's Objection, and the record in this case. After careful consideration and *de novo* review, the Court **ADOPTS** the Commissioner's Report

---

[48] D.I. #30 (Del. Super. June 22, 2012); D.I. #34 (Del. Super. Apr. 24, 2013); D.I. #38 (Del. Super. Jan. 26, 2017).

[49] DEL. SUPER. CT. CRIM. R. 35(a). Defendant's Motion was filed on August 10, 2018.

[50] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (citations omitted). *See, e.g., Ellerbe v. State*, 155 A.3d 1283, 2017 WL 462144, at *1 (Del. Feb. 2, 2017) (TABLE).

[51] *Brittingham*, 705 A.2d at 578 (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)).

and Recommendation for the reasons stated above and in the Commissioner's Report.     Defendant's Appeal from the Commissioner's Finding of Fact and Recommendations is **DENIED**.

**IT IS SO ORDERED**.

_____
Vivian L. Medinilla, Judge

oc:     Prothonotary

cc:     Defendant
        Department of Justice
        Investigative Services Office